IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| QI WU,<br><br>        Plaintiff,<br><br>      v.<br><br>Shenzhenshiyangrunzhedianzishang-wuyouxiangongsi d/b/a Yangrunzhe,<br><br>        Defendant. | Case No.<br><br>JURY TRIAL DEMANDED |

**VERIFIED COMPLAINT**

Plaintiff Qi Wu ("Plaintiff") hereby brings the present action for design patent infringement, trade dress infringement and false designation of origin under the Lanham Act against Defendant Shenzhenshiyangrunzhedianzishang-wuyouxiangongsi d/b/a Yangrunzhe (hereinafter "Yangrunzhe" or "Defendant"), attached hereto, as follows:

### I.    JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over Plaintiff's claims pursuant to the provisions of the Patent Act, 35 U.S.C. § 1 *et seq.*, 28 U.S.C. § 1338(a)-(b) (exclusive patent claim jurisdiction), and 28 U.S.C. § 1331 (original federal question jurisdiction). This Court has original subject matter jurisdiction over the false designation of origin claim asserted in this action pursuant to the Trademark Act of 1946, 15 U.S.C. §§ 1051, et seq., (the "Lanham Act"), and 28 U.S.C. §§ 1338(a) and 1331.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendant because Defendant structures its business activities so as to target consumers in the United States, including Illinois, through at least the fully

interactive e-commerce stores operating under the aliases identified as Yangrunzhe. Specifically, Defendant has targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, sold products which infringe Plaintiff's patented design, as described below, (collectively, the "Unauthorized Products") to residents of Illinois.

## II. INTRODUCTION

3. Plaintiff filed this case to prevent e-commerce store operators who infringe upon Plaintiff's patented design from further selling and/or offering for sale Unauthorized Products. Defendant creates e-commerce stores under one or more Seller Aliases and then advertises, offers for sale, and/or sells Unauthorized Products to unknowing consumers. Defendant takes advantage of a set of circumstances, including the anonymity and mass reach afforded by the Internet and the cover afforded by international borders, to violate Plaintiff's intellectual property rights with impunity. Defendant attempts to avoid liability by operating under one or more Seller Aliases to conceal its identities, locations, and the full scope and interworking of their infringing operation. Plaintiff is forced to file this action to combat Defendant's infringing of its patented design, as well as to protect consumers from purchasing Unauthorized Products over the internet. Plaintiff has been, and continues to be, irreparably damaged through loss of market share and erosion of Plaintiff's patent rights because of Defendant's actions and therefore seeks injunctive and monetary relief.

## III. THE PARTIES

4. Plaintiff, Qi Wu, is a Chinese individual residing in Shenzhen, China, and is the owner of the patent asserted in this action.

5. Plaintiff is the owner of all right, title, and interest in U.S. Patent No. D970,382 ("the '382 Patent"). A true and correct copy of the '382 Patent is attached hereto as **Exhibit 1**.

6. The '382 Patent issued on May 28, 2024.

7. Plaintiff's Patent was and is valid and enforceable at all times relevant to this action and is entitled to a presumption of validity under 35. U.S.C. § 282.

8. Plaintiff's Patent discloses and claims new ornamental design for a magnetic silicone loop sport band compatible with Apple® Watches.

9. Plaintiff sells its products, including products that embody Plaintiff's Patent (collectively, "Plaintiff's Products"), exclusively direct-to-consumer through various online marketplaces, including on Amazon.com.

10. Plaintiff provides notice of its patent rights by displaying the patent numbers on the website.

11. On information and belief, Defendant either individually or jointly, operates an e-commerce store under the Seller Aliases listed as Yangrunzhe. Schedule A attached hereto identifies the ASINs corresponding to the Accused Products.. Tactics used by Defendant to conceal its identities and the full scope of their operation make it virtually impossible for Plaintiff to learn Defendant's true identities and the exact interworking of its infringing network. If Defendant provides additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

12. Plaintiff's Trade Dress in its silicone smartwatch band consists of the distinctive overall visual appearance and configuration of the band, including the following non-functional elements in combination: (a) a continuous, smooth, high-performance silicone strap having a uniform matte finish and consistent thickness throughout its length; (b) a clean, minimalistic

elongated profile that gradually tapers toward the distal end, creating a streamlined and balanced silhouette when viewed from above; (c) a row of evenly spaced, precisely aligned circular adjustment apertures centered longitudinally along the strap; (d) an integrated pin-and-tuck closure system in which a rounded fastening pin secures within one of the adjustment apertures and the free end of the strap tucks neatly beneath the primary band layer, creating a flush, uninterrupted exterior appearance; (e) smoothly radiused edges along both lateral sides of the strap, contributing to a soft, sculpted contour; and (f) the cohesive, minimalist ornamental impression created by the proportional relationships, curvature, surface finish, and integrated closure design of these elements taken together.



13. The Trade Dress is non-functional. The particular selection, arrangement, contours, finish, surface aesthetics, and ornamental shaping of the strap are not essential to the use or purpose of watch bands and do not affect the quality, cost, or performance of the case. Numerous alternative designs exist for watch bands, and Defendants' sale of identical copies demonstrates that the design serves to identify Plaintiffs Patent as the source rather than confer any utilitarian advantage.

14. Plaintiff has extensively advertised, promoted, and sold the Trade Dress Product throughout the United States. As a result of Plaintiff's substantial sales, marketing efforts, and

consistent marketplace presence, the Trade Dress has acquired distinctiveness and is associated by consumers with Plaintiff.

## IV. DEFENDANTS' UNLAWFUL CONDUCT

15. The success of Plaintiff's Products has resulted in significant infringement of Plaintiff's Patent. Recently, Plaintiff has identified many fully interactive e-commerce stores offering Unauthorized Products on online marketplace platforms like Amazon.com, Inc. ("Amazon"), eBay, Inc. ("eBay"), SHEIN Distribution Corporation ("Shein"), WhaleCo, Inc. ("Temu"), and Walmart, Inc. ("Walmart"), including the e-commerce stores operating under the Seller Aliases. True and correct copies of the screenshot printouts showing the active e-commerce stores operating under the Seller Aliases, Yangrunzhe reviewed are attached as **Exhibit 2**.

16. Defendant has targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, sell and/or offer for sale Unauthorized Products to residents of Illinois. In fact, Defendant has completed sales of the Unauthorized Products to customers located in Illinois, as evidenced by the transaction records and order documentation attached hereto as Exhibit 3.

17. Plaintiff has not licensed or authorized Defendants use of Plaintiff's Patent, and none of the Defendants are authorized retailers of Plaintiff's Products.

18. E- commerce store operators like Defendants communicate with each other through QQ.com chat rooms and utilize websites, like sellerdefense.cn, that provide tactics for operating multiple online marketplace accounts and evading detection by intellectual property owners. Websites like sellerdefense.cn also tip off e-commerce store operators like Defendants of new intellectual property infringement lawsuits filed by intellectual property owners, such as Plaintiff,

5

and recommend that e-commerce operators cease their infringing activity, liquidate their associated financial accounts, and change the payment processors that they currently use to accept payments in their online stores.

19. On information and belief, Defendant typically operates under multiple seller aliases and payment accounts so that it can continue operation despite Plaintiff's enforcement. On further information and belief, Defendant maintains offshore bank accounts and regularly move funds from their financial accounts to offshore accounts outside the jurisdiction of this Court to avoid payment of any monetary judgment awarded to plaintiff.

20. Defendant's unauthorized use and/or manufacturing of the ornamental designs claimed in Plaintiff's Patent in connection with the distribution, offering for sale, and sale of Unauthorized Products, including the sale of Unauthorized Products into the United States, including Illinois, is likely to cause, and has caused, loss of market share and erosion of Plaintiff's patent rights, loss of current and future sales, loss of online traffic due to infringing listings, and is irreparably harming Plaintiff.

## COUNT I
## PATENT INFRINGEMENT OF PLAINTIFF'S PATENT (15 U.S.C. § 271)

21. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

22. As shown, Defendant, without any authorization or license from Plaintiff, has knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use the same product that infringes directly and/or indirectly Plaintiff's Patent.

23. As shown, by way of example, in the claim charts attached as **Exhibit 4**, the products being sold by Defendant incorporates each of the design elements claimed in Plaintiff's Patent. Accordingly, the product being sold by Defendant infringe upon Plaintiff's Patent.

6

24. Specifically, Defendant offers for sale, sell, and/or import into the United States for subsequent resale or use Unauthorized Products that infringe directly and/or indirectly the ornamental design claimed in the Patent.

25. As a direct and proximate result of Defendant's infringement, Plaintiff has suffered irreparable harm and monetary and other damages in an amount to be determined. Defendant's infringement of Plaintiff's Patent in connection with the offering to sell, selling, or importing of products that infringe Plaintiff's Patent, including such acts into the State of Illinois, is irreparably harming Plaintiff. Defendant's wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented design as well as the lost sales and loss of repeat sales stemming from the infringing acts.

26. Defendant's infringement has been and continues to be willful. Accordingly, Plaintiff is entitled to treble damages under 35 U.S.C. § 284 and this is an exceptional case under 35 U.S.C. § 285.

27. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283. Unless Defendant is preliminarily and permanently enjoined by this Court from continuing their infringement of Plaintiff's Patent, Plaintiff will continue to suffer additional irreparable harm, including loss of market share and erosion of patent rights.

28. Plaintiff is entitled to recover damages adequate to compensate for the infringement, pursuant to 35 U.S.C. § 284, in no event less than a reasonable royalty.

## COUNT II
## TRADE DRESS INFRINGEMENT UNDER §43(a) OF
## THE LANHAM ACT, 15 U.S.C. §1125(a)

29. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

30. Defendant's advertisements, promotions, offers to sell, sales, distribution, manufacture, and/or importing of the Unauthorized Products violate §43(a) of the Lanham Act, 15 U.S.C. §1125(a), by infringing Plaintiff's watch band Trade Dress. On information and belief, Defendants' use of Plaintiff's watch band Trade Dress and/or colorable imitations thereof is likely to cause confusion, mistake, or deception as to the affiliation, connection, and/or association of Defendants with Plaintiff and as to the origin, sponsorship, and/or approval of the Unauthorized Products, at least by creating the false and misleading impression that the Unauthorized Products are manufactured by, authorized by, or otherwise associated with Plaintiff.

31. Plaintiff's watch band Trade Dress is entitled to protection under the Lanham Act. Plaintiff's watch band Trade Dress includes unique, distinctive, and non-functional designs. Plaintiff has extensively and continuously promoted and used its watch band Trade Dress in the United States. Through that extensive and continuous use, Plaintiff's watch band Trade Dress has become a well-known indicator of the origin and quality of Plaintiff's products. Moreover, Plaintiff's watch band Trade Dress has also acquired substantial secondary meaning in the marketplace. Moreover, Plaintiff's watch band Trade Dress acquired this secondary meaning before Defendants commended their unlawful use of Plaintiff's watch band Trade Dress.

32. Defendants' use of Plaintiff's watch band Trade Dress and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to Plaintiff for which Plaintiff has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with Plaintiff's watch band Trade Dress.

33. On information and belief, Defendants' use of Plaintiff's watch band Trade Dress and/or colorable imitations thereof has been intentional, willful, and malicious. Defendants' bad

faith is evidenced at least by the similarity of the Unauthorized Products to Plaintiff's watch band Trade Dress and by Defendants' continuing disregard for Plaintiff's rights.

34. Plaintiff is entitled to injunctive relief, and Plaintiff is entitled to recover at least Defendants' profits, Plaintiff's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§1125(a), 1116, and 1117.

## COUNT III
### UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN UNDER §43(a) OF THE LANHAM ACT, 15 U.S.C. §1125(a)

35. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

36. Defendants' advertisements, marketing, promotions, offers to sell, sales, distribution, manufacture, and/or importing of the Unauthorized Products in direct competition with Plaintiff, violate §43(a) of the Lanham Act, 15 U.S.C. §1125(a), and constitute unfair competition and false designation of origin, at least because Defendants have obtained an unfair advantage as compared to Plaintiff through Defendants' use of Plaintiff's watch band Trade Dress, and because such use is likely to cause consumer confusion as to the origin, sponsorship, and/or affiliation of Defendants' Unauthorized Products, at least by creating the false and misleading impression that their Unauthorized Products are manufactured by, authorized by, or otherwise associated with Plaintiff.

37. Plaintiff's watch band trade dress is entitled to protection under the Lanham Act. Plaintiff's watch band Trade Dress includes unique, distinctive, and non-functional designs. Plaintiff has extensively and continuously promoted and used its watch band Trade Dress in the United States. Through that extensive and continuous use, Plaintiff's watch band Trade Dress has become a well-known indicator of the origin and quality of Plaintiff's products. Moreover, Plaintiff's watch band Trade Dress has also acquired substantial secondary meaning in the

9

marketplace. Moreover, Plaintiff's watch band Trade Dress acquired this secondary meaning before Defendants commenced their unlawful use of Plaintiff's watch band Trade Dress.

38. Defendants' use of Plaintiff's watch band Trade Dress and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to Plaintiff for which Plaintiff has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with Plaintiff's watch band Trade Dress.

39. On information and belief, Defendants' use of Plaintiff's watch band Trade Dress and/or colorable imitations thereof has been intentional, willful, and malicious. Defendants' bad faith is evidenced at least by the similarity of the Unauthorized Products to Plaintiff's watch band Trade Dress and by Defendants' continuing disregard for Plaintiff's rights.

40. Plaintiff is entitled to injunctive relief, and Plaintiff is also entitled to recover at least Defendants' profits, Plaintiff's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§1125(a), 1116, and 1117.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

   a. Making, using, offering for sale, selling and/or importing into the United States for subsequent sale or use any products that infringe upon Plaintiff's Patent; and

   b. Aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon Plaintiff's Patent

2) An injunction against further infringement of Plaintiff's watch band Trade Dress and further acts of unfair competition by Defendants, and each of their agents, employees, servants, attorneys, successors and assigns, and all other in privity or acting in concert with any of them, including at least from selling, offering to sell, distributing, manufacturing, importing, or advertising the Unauthorized Products, or any other products that use a copy, reproduction, or colorable imitation of Plaintiff's watch band Trade Dress, pursuant to at least 15 U.S.C. §1116.

3) An order directing Defendants to recall all Unauthorized Products sold and/or distributed and provide a full refund for all recalled Unauthorized Products.

4) An order directing Defendants to publish a public notice providing proper attribution of Plaintiff's watch band Trade Dress to Plaintiff, and to provide a copy of this notice to all customers, distributors, and/or others from whom the Unauthorized Products are recalled and to whom the Unauthorized Products are sold.

5) Entry of an Order that, upon Plaintiff's request, those with notice of the injunction, including without limitation, any websites and/or online marketplace platforms, such as AliExpress, Amazon, eBay, Shein, Temu, and Walmart, shall disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of goods that infringe Plaintiff's Patent.

6) That Judgment be entered against Defendants finding that they have infringed upon Plaintiff's Patent.

7) That Judgment be entered against Defendants finding that infringement of Plaintiff's Patent has been willful.

8) That Plaintiff be awarded damages for such infringement in an amount to be proven at trial, including Defendants' profits pursuant to 35 U.S.C. § 289 and any other damages as appropriate under 35 U.S.C. § 284, together with interests and costs.

9) That Plaintiff be awarded treble damages under 35 U.S.C. § 284 for Defendants' willful infringement of upon Plaintiff's Patent.

10) A finding that this case is exceptional under 35 U.S.C. § 285.

11) An award of Defendants' profits, Plaintiff's actual damages, enhanced damages, punitive damages, exemplary damages, costs, prejudgment and post judgment interest, and reasonable attorney fees pursuant to at least 15 U.S.C. §§1125(a), 1116, and 1117.

12) A finding that Defendants committed acts of unfair competition in violation of §1125(a) of Title 15 in the United States Code.

13) That Plaintiff be awarded its reasonable attorneys' fees and costs.

14) Award any and all other relief that this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: February 16, 2026                                Respectfully submitted,

/s/ Nicholas S. Lee
Nicholas S. Lee
Nickles72@gmail.com
1823 Turtle Bay Road
Vernon Hills, IL 60061
T: (773) 732-8244

*Attorneys for Plaintiff, Qi Wu*

## VERIFICATION

I, Qi Wu, hereby certify as follows:

1. I am the owner of the patents asserted in this case. As such, I am authorized to make this Verification.

2. I have read the foregoing Verified Complaint and, based on my personal knowledge and my knowledge of information reported to me by subordinates and colleagues who report to me, the factual allegations contained in the Verified Complaint are true.

3. I certify under penalty of perjury under the laws of the United States of America that the foregoing statements made by me are true and correct.

Executed in _____Shenzhen_____ on February 16, 2026.

*Qi Wu*
Qi Wu